UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-8263-DMG (PVCx)** | Date | July 14, 2023 |
|---|---|---|---|
| Title | ***SiteTools, Inc. v. Bansk Group LLC*** | Page | 1 of 9 |

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE |
|---|---|

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANT BANSK GROUP LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION [25]**

On November 12, 2022, Plaintiff SiteTools, Inc. ("SiteTools") filed a Complaint against Defendant Bansk Group LLC ("Bansk Group"), seeking (1) a declaratory judgment of non-cybersquatting under 15 U.S.C. section 1125(d), (2) a declaratory judgment of non-infringement, and (3) cancellation of Bansk Group's junior mark under 15 U.S.C. section 1119. [Doc. # 1.]

On February 13, 2023, Bansk Group filed a motion to dismiss ("MTD") the Complaint, arguing that the Court lacks personal jurisdiction over it, venue is improper, and SiteTools has failed to state a claim in Count III of the Complaint upon which relief can be granted. [Doc. # 25.] Alternatively, Defendant moves to transfer this action to the Southern District of New York. The MTD is fully briefed. [Doc. ## 34 ("Opp."), 35 ("Reply").]

For the following reasons, the Court **GRANTS** the MTD for lack of personal jurisdiction.

**I.**
**FACTUAL BACKGROUND**

SiteTools is an internet website developer which acquires internet domain names "with commercial monetization potential" and develops websites for them, or directs traffic from such internet domain names to other websites with similar names. Compl. ¶ 9. In 2013, SiteTools acquired the internet domain name "bansk.com." *Id.* ¶ 11. Since acquiring the "bansk.com," domain name, SiteTools has used it to advertise banking and financial services and forward traffic to a mortgage information and referral website. *Id.* ¶¶ 12–13. SiteTools is incorporated in California, with its principal place of business also in California. *Id.* ¶ 2.

Bansk Group, a Delaware limited liability company with its principal place of business in New York, New York, owns the trademark for "BANSK," registered with the United States Patent and Trademark Office under Registration No. 6,148,600. Compl. ¶ 39; Decl. of William

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | | | |
|---|---|---|---|
| Case No. | CV 22-8263-DMG (PVCx) | Date | July 14, 2023 |
| Title | *SiteTools, Inc. v. Bansk Group LLC* | Page | 2 of 9 |

Mordan ISO MTD ("Mordan Decl.") Decl. ¶¶ 4–5 [Doc. # 25-2]. On January 11, 2022, Bansk Group offered to purchase the "bansk.com" website domain from SiteTools for $10,000, which SiteTools refused. *Id.* ¶¶ 47, 49. On November 2, 2022, Bansk Group again offered $10,000 for the website domain and notified SiteTools that it was preparing a complaint against SiteTools under the Anticybersquatting Consumer Protection Act. *Id.* ¶ 50. SiteTools replied to that email, and on November 10 and 11, Bansk Group sent two more emails putting SiteTools on notice of its intent to sue. *Id.* ¶¶ 51–52.

In the instant action, SiteTools seeks a declaratory judgment that (1) SiteTools' registration and use of the domain name "bansk.com" does not violate Bansk Group's rights under 15 USC section 1125(d), and (2) Sitetools' registration and use of the domain name does not infringe any trademark rights claimed by Bansk Group. *Id.* ¶¶ 65, 74. SiteTools further seeks transfer of ownership and control of rights to Trademark Registration Number 6,148,600 or, in the alternative, cancellation of the trademark, and an injunction against any action by Bansk Group to interfere with SiteTools' use of the domain name. *Id.* ¶ 78. Additionally, SiteTools seeks statutory damages under 15 U.S.C. section 1117(c) as well as attorney's fees and costs. *Id.* ¶ 79.

Now, Bansk Group moves to dismiss on the basis that that: (1) this Court lacks personal jurisdiction over it, (2) venue is improper, and (3) Count III of the Complaint fails to state a plausible claim. MTD at 2. [1]

## II.
## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may seek dismissal of an action for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013). "When a district court acts on a defendant's motion to dismiss under Rule 12(b)(2) without holding an evidentiary hearing, the plaintiff need make only a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). When adjudicating a motion to dismiss brought pursuant to Rule 12(b)(2), a district court may consider evidence outside of the pleadings, including affidavits submitted by the parties, and may order discovery on jurisdictional issues. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). Although the facts in the complaint are generally accepted as

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA  
CIVIL MINUTES—GENERAL

JS-6

| Case No. | CV 22-8263-DMG (PVCx) | Date | July 14, 2023 |
|---|---|---|---|
| Title | *SiteTools, Inc. v. Bansk Group LLC* | Page | 3 of 9 |

true on a motion to dismiss, the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977).

## III.
## DISCUSSION

California has a long-arm jurisdictional statute that is coextensive with federal due process requirements, making the jurisdictional inquiry identical under state and federal law. *See Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998) (citing Cal. Civ. Proc. Code § 410.10). For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least "minimum contacts" with the relevant forum such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d, 797, 801 (9th Cir. 2017) (citing *International Shoe Co. v. Washington*, 326 U.S., 310, 316 (1945)). There are two types of personal jurisdiction that a court may exercise over a defendant: (1) general personal jurisdiction or (2) specific personal jurisdiction. *See Schwarzenegger*, 374 F.3d at 801–02.

**A.  Request for Judicial Notice**

In support of its Opposition to the MTD, SiteTools submits a Request for Judicial Notice [Doc. # 34-4 ("RJN")] of documents contained in its Exhibits A–K. *See* Fed. R. Evid. 201. Bansk Group, in its Reply, essentially opposes the RJN in its entirety, presenting arguments that judicial notice is improper on a motion to dismiss outside limited circumstances. Reply at 10–11.

In doing so, Bansk Group blatantly misstates the law. The cases it cites address requests for judicial notice on Rule 12(b)(6) motions to dismiss for failure to state a claim, which have different evidentiary rules than Rule 12(b)(2) motions such as this one. *Id.*; *Americopters, LLC v. F.A.A.*, 441 F.3d 726, 732 n.4 (9th Cir. 2006) (Rule 12(b)(6) motions are generally limited to the four corners of the complaint). In evaluating Rule 12(b)(2) motions to dismiss for lack of personal jurisdiction, courts may consider extrinsic evidence, such as judicially noticeable documents. *See also Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (plaintiffs "may not simply rest on the 'bare allegations of [the] complaint'" in establishing personal jurisdiction) (quoting *Schwarzenegger*, 374 F.3d at 800 (brackets in original)); *Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938, 951 (N.D. Cal. 2015) (explaining difference between requests for judicial notice in Rule 12(b)(6) and 12(b)(2) motions).

| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | JS-6 |
| CENTRAL DISTRICT OF CALIFORNIA | | |
| CIVIL MINUTES—GENERAL | | |

| Case No. | **CV 22-8263-DMG (PVCx)** | Date | July 14, 2023 |
|---|---|---|---|
| Title | ***SiteTools, Inc. v. Bansk Group LLC*** | Page | 4 of 9 |

The Court **GRANTS** judicial notice as to Exhibit K, insofar as SiteTools seeks judicial notice of the existence of the investor portal on the website rather than the truth of any of the website's contents. *See* RJN, Ex. K (printout from Bansk investor portal) at 88; *Hernandez v. Oregon Legislature*, 521 F. Supp. 3d 1025, 1031 n.4 (D. Or. 2021) ("When the court takes notice of a public record, including websites, it does so not for the truth of the facts recited therein, but for the existence of the record which is not subject to reasonable dispute over its authenticity.") (internal quotation marks, brackets, and citation omitted).

Since the Court did not rely on any of the remaining exhibits in reaching its decision, the Court **DENIES** the remainder of the RJN **as moot**.

**B.     General Jurisdiction over Bansk Group**

**1.     Emails and Interactive Website**

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the state are so 'continuous and systematic' as to render them essentially at home in the forum state." *Goodyear Dunlop Tires, S.A. v. Brown*, 564 U.S. 915, 919 (2011). General jurisdiction exists where the nonresident defendant engages in "continuous and systematic general business contacts" in the forum state. *See Schwarzenegger*, 374 F.3d at 801 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 46 U.S. 408, 416 (1984)). The standard "is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled [sic] into court in the forum state to answer for any of its activities anywhere in the world." *Id*.

SiteTools argues that Bansk Group is subject to general jurisdiction in California on the basis of the following contacts: Bansk Group's emails to SiteTools about this dispute, Bansk Group's subsidiaries' presence in California retail stores, and Bansk Group's operation of an interactive website accessible in California. Opp. at 16–23.

SiteTools' argument in this section relies heavily on the Ninth Circuit's so-called "sliding scale approach" to personal jurisdiction, which previously allowed for a lesser showing of minimum contacts to support personal jurisdiction in California when it was reasonable to do so, or when the contacts were closely related to the subject of the lawsuit. *See* Opp. at 16–17, 21–22. This aspect of California's personal jurisdiction doctrine was explicitly rejected by the Supreme Court in *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 264–65 (2017) ("For this reason, the California Supreme Court's "sliding scale approach" is difficult to square with our precedents. Under the California approach, the strength of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | | | |
|---|---|---|---|
| Case No. | CV 22-8263-DMG (PVCx) | Date | July 14, 2023 |
| Title | *SiteTools, Inc. v. Bansk Group LLC* | Page | 5 of 9 |

requisite connection between the forum and the specific claims at issue is relaxed if the defendant has extensive forum contacts that are unrelated to those claims. Our cases provide no support for this approach, which resembles a loose and spurious form of general jurisdiction.").

Without the benefit of the "sliding scale" approach, it is clear that Bansk Group's emails do not equate to "continuous and systematic" contacts that would support general jurisdiction in California. *See Goodyear*, 564 U.S. at 919. Bansk Group is a Delaware LLC with its principal place of business in New York. Mordan Decl. ¶¶ 4–5. It does not have any physical operations, facilities, or personnel in California. *Id.* ¶ 6. Bansk Group is not licensed to conduct business in California, does not owe or pay any state taxes, has no registered state agent for service of process, and has no officers, directors, or shareholders domiciled in California. *Id.* ¶¶ 7–10; *see Ranza v. Nike, Inc.*, 793 F.3d 1059, 1079 (9th Cir. 2015) ("The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business.") (citation omitted). Nor is operating an interactive website alone sufficient. *See* Opp. at 21–23; *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1227 (9th Cir. 2011) (the interactivity of a nonresident defendant's website "provides limited help in answering the distinct question whether the defendant's forum contacts are sufficiently substantial, continuous, and systematic to justify general jurisdiction."); RJN, Ex. K at 88.

    **2.**    **Alter Ego**

Lastly, SiteTools argues that general jurisdiction is appropriate because Bansk Group has two subsidiaries, Amika and Eva NYC, which it argues are "at home" in California and alter egos of Bansk. Opp. at 16–18, 22–23. Under California law, "[a] parent corporation's relationship with its subsidiary may confer personal jurisdiction over the parent if the subsidiary is acting as the parent company's alter ego, 'so as to justify disregard of the corporate entity.'" *American Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir. 1996) (quoting *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1393 (9th Cir. 1984)). Such treatment is proper when: (1) there is such unity of interest and ownership that the separate personalities of the respective entities no longer exist, and (2) failure to disregard their separate entities would result in fraud or injustice.

SiteTools predicates this argument on the acquisition and restructuring of Amika and Eva NYC, such that they are "unified beyond distinction for purposes of this jurisdictional analysis." Opp. at 17; *see also* Decl. of Philip Ancevski ¶¶ 8–10 [Doc. # 34-1 ("Ancevski Decl.")]. Under clear Ninth Circuit precedent, however, "[t]he mere fact of sole ownership and control does not eviscerate the separate corporate identity that is the foundation of corporate law." *Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1149 (9th Cir. 2004); *see also Unocal*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| Case No. | CV 22-8263-DMG (PVCx) | Date | July 14, 2023 |
|---|---|---|---|
| Title | *SiteTools, Inc. v. Bansk Group LLC* | Page | 6 of 9 |

*Corp.*, 248 F.3d at 925 (the existence of a relationship between a parent company and its subsidiaries "is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum."). It is not, in fact, "fraud on this Court" for Bansk Group to not disclose its majority controlling interest in these companies, because they are not material to the jurisdictional analysis in this case. *See* Opp. at 17–18. Finding alter ego is "an extreme remedy," only to be used in "exceptional circumstances." *Calvert v. Huckins*, 875 F. Supp. 674, 678 (E.D. Cal. 1995) (citation omitted).

SiteTools does not meet this high burden. It merely argues that the two entities have a single CEO, Chris Kelly, who is a Bansk Group partner, and directs activities through him. Opp. at 17–18. This is not sufficient. *Cf. Prompt Staffing, Inc. v. United States*, 321 F. Supp. 3d 1157, 1175–77 (C.D. Cal. 2018) (listing and discussing numerous factors considered to determine "unified purpose" of corporate entities); *Gerritsen v. Warner Bros. Ent. Inc.*, 116 F. Supp. 3d 1104, 1136–43 (C.D. Cal. 2015) (same); *see also* Reply at 15. As the Supreme Court has stated, it is "entirely appropriate for directors of a parent corporation to serve as directors of its subsidiary, and that fact alone may not serve to expose the parent corporation to liability for its subsidiary's acts." *United States v. Bestfoods*, 524 U.S. 51, 69 (1998). Absent evidence that Bansk Group controls the subsidiaries' internal affairs or daily operations and disregards corporate formalities, SiteTools' alter ego theory is without merit.

Since the Court determines that SiteTools does not meet its burden to show that Amika and Eva NYC are alter egos of Bansk Group, it need not reach the question of whether there actually would be general jurisdiction over the two subsidiaries in California.

C.     **Specific Jurisdiction over Bansk Group**

SiteTools also argues that Bansk Group has sufficient "minimum contacts" with California that would justify the exercise of specific personal jurisdiction over them in this case. Opp. at 8–12. In the Ninth Circuit, courts utilize the following three-part test to determine whether they have specific jurisdiction over a non-resident defendant:

(1)     the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2)     the claim must be one which arises out of or relates to the defendants'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| Case No. | CV 22-8263-DMG (PVCx) | Date | July 14, 2023 |
|---|---|---|---|
| Title | *SiteTools, Inc. v. Bansk Group LLC* | Page | 7 of 9 |

forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. Once the plaintiff meets its burden to establish the first two prongs, the burden shifts to the defendant, who must put forth a "compelling case" that the exercise of jurisdiction would not be reasonable. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)).

In declaratory judgment cases regarding potential trademark infringement, which are more analogous to tort than contract, the Ninth Circuit uses the "purposeful direction" analysis. *See id.* (holding that "availment and direction are, in fact, two distinct concepts"); *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019–20 (9th Cir. 2002) (intellectual property cases "sound in tort"); *see also* Reply at 11–12. The "purposeful direction" rubric employs the "effects" test articulated in *Calder v. Jones*, 465 U.S. 783 (1984). *See Schwarzenegger*, 347 F.3d at 802. Under the effects test, the defendant purposefully directs his actions at a certain forum if: "(1) the defendant committed an intentional act; (2) the act was expressly aimed at the forum state; and (3) the act caused harm that the defendant knew was likely to be suffered in the forum state." *Love v. Associated Newspapers, Ltd*., 611 F.3d 601, 609 (9th Cir. 2010). The plaintiff cannot be the only link between the defendant and the forum. *Walden v. Fiore*, 571 U.S. 277, 285 (2014).

Here, it is undisputed that Bansk Group committed an intentional act by sending the emails to SiteTools. *See* Compl. ¶¶ 42–52. SiteTools is ultimately unable, however, to meet its burden under the second and third steps of *Calder*'s "effects test." SiteTools argues that the threat of litigation towards a resident of California supports personal jurisdiction within the state, but this argument fails. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980) (finding that if a contact in a certain forum is a mere "fortuitous circumstance," that contact does not give the forum personal jurisdiction over defendants); *see also Walden*, 571 U.S. at 285 (minimum contacts analysis looks to the defendant's contacts with the forum state itself, not relationship with persons who reside there). Defendants may have targeted the domain's owner, but it did not much matter whether the owner was located in California or any of the other 49 states.

Moreover, the emails were akin to the cease-and-desist letters in *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1208 (9th Cir. 2006), where the Ninth

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | |
|---|---|
| Case No. **CV 22-8263-DMG (PVCx)** | Date  July 14, 2023 |
| Title  *SiteTools, Inc. v. Bansk Group LLC* | Page  8 of 9 |

Circuit held that absent "abusive, tortious, or otherwise wrongful" behavior, a letter cannot be the basis for personal jurisdiction. If the point of the communications is to facilitate resolution of a dispute without resort to litigation, it would be against public policy to force an intellectual property owner to file an action in his own jurisdiction in order to avoid the threat of being hailed before a court in another distant state. *Id.* These contacts fail to prove that Bansk Group took acts expressly aimed at California or caused harm that they knew would occur in California.

It is ultimately the "plaintiff that bears the burden of demonstrating that jurisdiction is appropriate," and SiteTools has not done so here. *Schwarzenegger*, 374 F.3d at 800. SiteTools has failed the second and third steps of the effects test, and therefore it has not proven that Bansk Group purposefully directed its activities at California. *See Love*, 611 F.3d at 609. Because the Court finds that it lacks specific jurisdiction over Bansk Group, it need not and does not reach Bansk Group's arguments concerning venue and the adequacy of the pleadings. *See* MTD at 17–19.

**D.      Leave to Amend and/or Conduct Jurisdictional Discovery**

SiteTools requests that should the Court be inclined to grant Bansk Group's motion, it should stay ruling on the motion to allow it to amend its complaint and conduct jurisdictional discovery. Opp. at 6–7.

If a court dismisses certain claims, it should grant leave to amend unless "the pleading could not possibly be cured by the allegation of other facts." *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*)). Since SiteTools had an opportunity to present evidence extrinsic to the pleadings to oppose Bansk Group's motion, and it still failed to establish personal jurisdiction, the Court determines that further leave to amend would be futile. SiteTools' request for leave to amend is **DENIED**.

The decision to grant or deny a request to conduct jurisdictional discovery lies within the district court's discretion. *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003); *see also Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) ("The district court's refusal to provide such discovery, will not be reversed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant."). But courts need not permit jurisdictional discovery when the party seeking leave rests its argument on "little more than a hunch that it might yield jurisdictionally relevant facts." *Boschetto*, 539 F.3d at 1020 (affirming denial of jurisdictional discovery request based on a "hunch"); *see also Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (affirming

| | | |
|---|---|---|
| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | JS-6 |
| Case No. **CV 22-8263-DMG (PVCx)** | | Date July 14, 2023 |
| Title ***SiteTools, Inc. v. Bansk Group LLC*** | | Page 9 of 9 |

denial of jurisdictional discovery request based only on plaintiffs' statements that "they 'believe' that discovery will enable them to demonstrate sufficient California business contacts to establish the court's personal jurisdiction"). Here, SiteTools provides only a vague explanation of what information it might seek via jurisdictional discovery. Opp. at 7 n.3.

Accordingly, the Court concludes that SiteTools has not met its burden of demonstrating that there are pertinent facts that are controverted or likely to lead to a finding of jurisdiction over Bansk Group, nor has it shown that any "actual or substantial prejudice" would result by denying discovery. Accordingly, Plaintiff's request for jurisdictional discovery is **DENIED.**

**E.      Local Rule 7-3**

Plaintiff also argues that Defendant's MTD should be stricken for failure to comply with Local Rule 7-3. Opp. at 1. In its Order dated February 28, 2023, the Court accepted Bansk Group's statement in its Motion to Clarify that counsel in fact met and conferred prior to re-filing the motion to dismiss. [Doc. # 33.] Accordingly, SiteTools' Motion to Strike is **DENIED.**

## IV.
## CONCLUSION

In light of the foregoing, the Court **GRANTS** Bansk Group's MTD for lack of personal jurisdiction, without prejudice to SiteTools' ability to refile in an appropriate venue.

**IT IS SO ORDERED**.